UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CHRISTA G. PETERS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:16-CV-1342 PLC |
| | ) |
| NANCY A. BERRYHILL, | ) |
| Deputy Commissioner of Operations, Social | ) |
| Security Administration, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

Plaintiff Christa Peters seeks review of the decision of Defendant Nancy Berryhill, Deputy Commissioner of Operations, Social Security Administration (SSA), denying her application for Disability Insurance Benefits under the Social Security Act.[1] (ECF No. 10). Because the Court finds that substantial evidence supports the decision to deny benefits for the period in question, the Court affirms the denial of Plaintiff's application.

*I.  Background and Procedural History*

On May 3, 2013, Plaintiff, then thirty-eight years of age, filed an application for Disability Insurance Benefits alleging she was disabled as of August 15, 2011 as a result of: rheumatoid arthritis; osteoarthritis; bipolar disorder; attention deficit disorder; and depression. (Tr. 88, 192). The SSA denied Plaintiff's claims, and she filed a timely request for a hearing before an administrative law judge (ALJ). (Tr. 1-5, 10).

---

[1] The parties consented to the exercise of authority by the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). (ECF No. 9).

1

The SSA granted Plaintiff's request for review, and an ALJ conducted a hearing on February 25, 2015. (Tr.52-87, 114-21). After ordering a consultative physical examination and obtaining additional medical evidence, the ALJ held a "supplemental hearing" on August 7, 2015. (Tr. 29-51). In a decision dated September 2, 2015, the ALJ determined that Plaintiff "was not under a disability, as defined in the Social Security Act, at any time from August 15, 2011, the alleged onset date, through March 31, 2015, the date last insured[.]" (TR. 23).

In her decision, the ALJ applied the five-step evaluation set forth in 20 C.F.R. § 404.1520 and found that Plaintiff had the severe impairments of: degenerative disc disease of the lumbar spine; inflammatory arthritis; fibromyalgia; hypothyroidism; anxiety disorder and depression. (Tr. 16). The ALJ determined that Plaintiff had the residual functional capacity (RFC) to:

> [p]erform sedentary work as defined in 20 CFR 404.1567(a) except the claimant can occasionally climb ramps and stairs, stoop, kneel and crouch; she should never climb ladders, ropes or scaffolds or crawl; she can frequently use her upper extremities for reaching in all directions; she should avoid even occasional exposure to extremes of cold and vibration. She should avoid all exposure to hazards, such as unprotected heights and dangerous machinery. She is capable of performing simple, routine tasks in a low stress environment, defined as an environment with only occasional workplace changes and where contact with supervisors, co-workers and the general public is occasional. In addition, the claimant must be allowed to alternate between sitting and standing one to three (1-3) minutes every hour, but she would be able to remain at the workstation.

(Tr. 17). Finally, the ALJ concluded: "[C]onsidering the claimant's age, education, work experience, and residual functional capacity, the claimant was capable of making a successful adjustment to other work that existed in significant numbers in the national economy." (Tr. 22).

Plaintiff requested review of the ALJ's decision with the SSA Appeals Council, which denied review on July 5, 2016. (ECF No. 1-5). Plaintiff has exhausted all administrative remedies, and the ALJ's decision stands as the SSA's final decision. Sims v. Apfel, 530 U.S. 103, 106-07 (2000).

## II. Standard of Review

A court must affirm the ALJ's decision if it is supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence 'is less than a preponderance, but enough so that a reasonable mind might find it adequate to support the conclusion.'" Cruze v. Chater, 85 F.3d 1320, 1323 (8th Cir. 1996) (quoting Boerst v. Shalala, 2 F.3d 249, 250 (8th Cir. 1993)). In determining whether the evidence is substantial, a court considers evidence that both supports and detracts from the Commissioner's decision. Pate-Fires v. Astrue, 564 F.3d 935, 942 (8th Cir. 2009). However, a court "do[es] not reweigh the evidence presented to the ALJ and [it] defer[s] to the ALJ's determinations regarding the credibility of testimony, as long as those determinations are supported by good reason and substantial evidence." Renstrom v. Astrue, 680 F.3d 1057, 1064 (8th Cir. 2012) (quoting Gonzales v. Barnhart, 465 F.3d 890, 894 (8th Cir. 2006)).

"If, after reviewing the record, the court finds it is possible to draw two inconsistent positions from the evidence and one of those positions represents the ALJ's findings, the court must affirm the ALJ's decision." Partee v. Astrue, 638 F.3d 860, 863 (8th Cir. 2011) (quoting Goff v. Barnhart, 421 F.3d 785, 789 (8th Cir. 2005)). The Eighth Circuit has repeatedly held that a court should "defer heavily to the findings and conclusions" of the Social Security Administration. Hurd v. Astrue, 621 F.3d 734, 738 (8th Cir. 2010); Howard v. Massanari, 255 F.3d 577, 581 (8th Cir. 2001).

## III. Discussion

Plaintiff claims the ALJ erred in: (1) relying upon the vocational expert's opinion, which lacked a reasonable basis; and (2) formulating a hypothetical question that was not sufficiently specific. (EF No. 10). Defendant counters that the ALJ "presented a proper hypothetical

question to the vocational expert and properly relied on the vocational expert's testimony to find that Plaintiff could perform 'other work.'" (ECF No. 17 at 5).

    *A. Vocational expert testimony*

Plaintiff argues that the ALJ erred in relying on the vocational expert's testimony because the vocational expert: (1) did not articulate a basis for portions of her testimony that were outside the scope of the Dictionary of Occupational Titles (DOT) and its companion volume, Selected Characteristics of Occupations (SCO); and (2) identified as jobs that Plaintiff could perform occupations that are obsolete or no longer performed as described in the DOT. (ECF No. 10). In response, Defendant contends the ALJ did not err in relying on the vocational expert's testimony because there was no conflict between that testimony and the DOT. (ECF No. 17).

At step five of the sequential analysis, the burden shifts to Defendant to establish that the plaintiff maintains the RFC to perform a significant number of jobs in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). See also Singh v. Apfel, 222 F.3d 448, 451 (8th Cir. 2000). The Commissioner may satisfy her burden by eliciting testimony by a vocational expert based upon hypothetical questions that "set forth impairments supported by substantial evidence on the record and accepted as true and capture the concrete consequences of those impairments." Jones v. Astrue, 619 F.3d 963, 972 (8th Cir. 2010) (quoting Hillier v. Soc. Sec. Admin., 486 F.3d 359, 365 (8th Cir. 2007)).

A vocational expert's testimony should generally be consistent with the DOT. See Policy Interpretation Ruling: Titles II & XVI: Use of Vocational Expert & Vocational Specialist Evidence, & Other Reliable Occupational Information in Disability Decisions, SSR 00-4P, 2000 WL 1898704 (S.S.A. Dec. 4, 2000). "When conflicts arise, an ALJ must resolve conflicts

between the testimony and the DOT 'by determining if the explanation given by the [vocational expert] is reasonable and provides a basis for relying on the [vocational expert] testimony rather than on the DOT information." Stamper v. Colvin, 174 F.Supp.3d 1058, 1064 (E.D.Mo. 2016) (quoting SSR 00-4P). See also Moore v. Colvin, 769 F.3d 987, 990 (8th Cir. 2014). "If there is an 'apparent unresolved conflict' between VE testimony and the DOT, the ALJ must 'elicit a reasonable explanation for the conflict' and 'resolve the conflict by determining if the explanation given [by the expert] provides a basis for relying on the [vocational expert] testimony rather than the DOT information." Moore, 769 F.3d at 989-90 (8th Cir. 2014) (quoting SSR 00-4p).

At the hearing, the ALJ presented to the vocational expert a hypothetical individual capable of working at the sedentary level who was able to: occasionally climb ramps and stairs, stoop, kneel, and crouch; never climb ladders, ropes or scaffolds or crawl; and perform simple, routine tasks in a "low stress environment," meaning one in which there are only occasional workplace changes and occasional interactions with supervisors, co-workers, and the general public. (Tr. 42). The vocational expert testified that such person could not perform Plaintiff's past relevant work, but could work as a "press clippings cutter and paster," "document preparer," or "addresser." (Tr. 43). The vocational expert testified that her testimony was "consistent with the DOT." (Id.).

In response to the ALJ's follow-up questions, the vocational expert testified that the occupations she identified "would be amenable to a sit/stand option," allowing the individual to "alternate between sitting and standing one to three minutes . . . every hour . . . at the work station." (Tr. 43-44). When the ALJ asked how the sit/stand option "is consistent or not consistent with the DOT," the vocational expert explained, "The DOT really doesn't address

sit/stand options. And I take that from my experience in working with individuals in jobs such as there." (Tr. 44).

In response to Plaintiff's counsel's questioning, the vocational expert testified that the hypothetical individual would not be able to maintain employment without accommodation if the sit/stand option required the ability to "sit for 30 minute and stand for 30 minutes at a time" and "in the alternating of the two would actually need a . . . five minute break" to "walk around" or stretch. (Tr. 45). Nor would this hypothetical individual be able to perform any occupations if she required "an additional 30-minute break each day to take a nap," unless "the person was able to do it at their lunch break[.]" (Id.).

In her decision, the ALJ determined that the vocational expert's testimony was "consistent with the information contained in the Dictionary of Occupational Titles" and found that Plaintiff was able to "perform the requirements of representative occupations" such as press clipping cutter/paster, document preparer, and addresser. (Tr. 22). The ALJ therefore concluded at step five of the sequential analysis that, through the date last insured, "there were jobs that existed in significant numbers in the national economy that [Plaintiff] could have performed[.]" (Id.).

Plaintiff does not identify any conflict between the vocational expert's testimony and the DOT. Rather, Plaintiff submits that, because the vocational expert included in the hypothetical question limitations that are not addressed in the DOT, the vocational expert was required to explain the basis for her testimony that Plaintiff could perform the jobs she identified. Neither SSR 00-4p[2] nor the Eighth Circuit cases cited by Plaintiff support the proposition that, when a

---

[2] Plaintiff argues that, pursuant to SSR 00-4p, "[w]hen, as here, a vocational expert has testified to information beyond (or more specific than) the DOT, the ALJ must articulate findings regarding whether the vocational expert's explanation for the testimony was 'reasonable and provides a basis for relying on the [vocational expert's] testimony . . . .'" (ECF No. 10 at 7)

vocational expert testifies to information beyond the DOT, the ALJ must provide a reasonable basis for relying on the vocational expert's testimony, even if that testimony does not conflict with the DOT. See SSR 00-4p; Welsh v. Colvin, 765 F.3d 926, 930 (8th Cir. 2014); King v. Astrue, 564 F.3d 978, 979 (8th Cir. 2009); Wiley v. Apfel, 171 F.3d 1190, 1191 (8th Cir. 1999).

This court has declined to reverse the ALJ's decision where there were no "*actual* conflicts between the RFC given to the [vocational expert] and the DOT requirements relied upon" but merely an "apparent *possible* conflict at best." Latragna v. Colvin, No. 4:14-CV-496 JMB, 2015 WL 4771630, at *18 (E.D.Mo. Aug. 12, 2015) (emphasis in original). See also Alie v. Berryhill, No. 4:16-CV-1353 JMB, 2017 WL 2572287 at *15 (E.D.Mo. June 14, 2017) ("To the extent that Plaintiff is suggesting that remand is required because the RFC contains some limitations not described in the DOT, the Court does not find it to be a basis for remand."); Weckherlin v. Berryhill, No. 4:16-CV-1487 AGF, 2017 WL 3873167, at *4 (E.D.Mo. Sept. 5, 2017) ("[T]he DOT's silence as to a functional limitation does not create a conflict between the DOT and the VE's testimony . . . ."); Courtney v. Berryhill, No. 4:15-CV-1894 CDP (E.D.Mo. Mar. 14, 2017). But see Beringer v. Colvin, No. 4:15-CV-1412 NAB, 2016 WL 4762080, at *5 (E.D.Mo. Sept. 13, 2016). "The DOT's silence on a given limitation does not normally create a conflict between a vocational expert's testimony and the DOT . . . ." Stamper, 174 F.Supp.3d at 1065. The Court therefore finds that the ALJ had no further duty to inquire or to resolve any potential conflict.

Plaintiff also contends that the jobs identified by the vocational expert – namely, press clippings cutter/paster, document preparer, and addresser – have evolved "in the computer age" so that they are no longer performed in the manner described in the DOT. (ECF No. 10 at 12).

(quoting SSR 00-4p). Plaintiff mischaracterizes that ruling. SSR 00-4p relates to direct conflicts between the VE evidence and information provided in the DOT. It does not address what Plaintiff refers to as "extra-DOT vocational expert testimony."

In support of her argument, Plaintiff offers various SSA studies and reports suggesting that those DOT job titles might be obsolete. However, the Court "must apply the law as it is written." Prodes v. Astrue, No. 4:09-CV-1646 CDP, 2011 WL 903044, at *10 (Mar. 15, 2011) (the vocational expert's reliance on the DOT was not misplaced, even though the plaintiff presented a 2007 letter from the United States Department of Labor stating that the DOT was obsolete). The regulations allow for reliance on the DOT and the Eighth Circuit recognizes the DOT as a proper source for job descriptions. See 20 C.F.R. § 404.1566(d)(1); Thomas v. Berryhill, 881 F.3d 672, 678 (8th Cir. 2018). The Court therefore finds that the vocational expert did not err in relying on the DOT and the ALJ, in turn, properly relied on the vocational expert's testimony. Substantial evidence of record supported the ALJ's findings at step five of the sequential evaluation.

    *B. Hypothetical question*

Plaintiff claims that the ALJ's hypothetical question was "too vague . . . in that a limit to 'sedentary exertion' could have a variety of different meanings" and the vocational expert "omitted the function-by-function assessment required to determine if the appropriate exertional category was sedentary." (Id.). Defendant counters that the Eighth Circuit does not require the ALJ to provide the vocational expert findings as to each of the specific limits on sitting, standing, or lifting when presenting a hypothetical question. (ECF No. 17 at 8-9).

"A hypothetical is sufficient if it sets forth impairments supported by substantial evidence in the record and accepted as true by the ALJ." Stormo v. Barnhart, 377 F.3d 801, 808 (8th Cir. 2004) (quoting Davis v. Apfel, 239 F.3d 962, 966 (8th Cir. 2001)). The regulations define "sedentary work" to involve:

> lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if

> walking and standing are required occasionally and other sedentary criteria are met.

20 C.F.R. § 404.1567(a).

Here, the ALJ asked the vocational expert to consider a hypothetical individual capable of performing sedentary work with the following limitations: occasionally climb ramps and stairs, stoop, kneel, and crouch; never climb ladders, ropes, or scaffolds or crawl; frequently use her upper extremities for reaching in all directions; avoid even occasional exposure to extremes of cold and vibration; avoid all exposure to hazards such as unprotected heights and dangerous machinery; perform simple, routine tasks in a low stress environment; work in an environment "in which there are only occasional work place changes"; and interact occasionally with supervisors, coworkers, and the general public. (Tr. 42) Additionally, the individual would require a "sit/stand option," meaning Plaintiff would be able to "alternate between sitting and standing one to three minutes . . .every hour." (Tr. 42-43).

The Court's review of the medical records and testimony reveals that the ALJ properly considered Plaintiff's physical and mental limitations in formulating the hypothetical question and the vocational expert considered those limitations in rendering an opinion that the hypothetical individual with Plaintiff's RFC could perform the jobs identified. The Court therefore concludes that the ALJ did not err in relying on the vocational expert's testimony in finding that Plaintiff was able to perform a limited range of sedentary jobs in the national economy.

### IV. *Conclusion*

For the reasons discussed above, the undersigned finds that substantial evidence in the record as a whole supports Defendant's decision that Plaintiff is not disabled.

Accordingly,

**IT IS HEREBY ORDERED** that the final decision of Defendant denying Social Security benefits to Plaintiff is **AFFIRMED.**

A separate judgment in accordance with this Memorandum and Order is entered this date.

                                                   /s/ Patricia L. Cohen
                                                   PATRICIA L. COHEN
                                                   UNITED STATES MAGISTRATE JUDGE

Dated this 18th day of April, 2018